STATE, ex rel. DREXEL, Petitioner, v. ALVIS, Warden, Respondent.

Ohio Appeals, Second District, Franklin County.

No. 4698. Decided November 12, 1952.

Cecile J. Shapiro, Columbus, for petitioner.

C. William O'Neill, Atty. Genl., Larry H. Snyder, Asst. Atty. Genl., Columbus, for respondent.

**OPINION**

By HORNBECK, PJ.

Petitioner, a prisoner in the Ohio Penitentiary, seeks a writ of habeas corpus by which he may be released.

The briefs in this case affirm that the prisoner is held under a sentence of conviction as an habitual criminal under §13744-1 GC, the term of which sentence under the statute would be fifteen years. However, the writ of respondent discloses that relator is held on a mittimus upon a conviction and sentence of burglary.

Appellant in his brief asserts that although the sentence on the conviction for burglary was pronounced in September, 1946, it was not until 1950 that it was vacated as required by §13744-3 GC and it is further stated that as a part of the entry vacating the previous sentence the Court "also ruled that the time served from October 28, 1946, until December, 1950, should not apply toward the sentence of October 23, 1946," the habitual criminal sentence.

It is also asserted that one of the prior convictions set up in the indictment under the Habitual Criminal Act, for stealing a motor vehicle, was not in accord with the fact which was that the defendant was merely "joy riding" with other young men in an automobile without the owner's consent. It is further stated that the relator was the first person to be convicted in Hamilton County under the Habitual Criminal Act although it had at the time of the conviction been effective for more than fifteen years.

It is also urged that the last part of §13744-3 GC has not been observed. This provision of the section provides that, "Whenever it shall become known to any warden, * * *, that any person charged with or convicted of a felony has been previously convicted within the meaning of the two preceding sections it shall be his duty to forthwith report the facts to the prosecuting attorney of the county in which such person is charged or was convicted."

We observe that there is no proof whatever respecting the vacation of the sentence or the conditions attached thereto, nor is there any testimony or stipulation whatever which would tend to prove that the relator was not guilty of stealing a motor vehicle as set up in the Habitual Criminal indictment. Even if it were true that the relator had a complete defense

to this charge it could not be asserted in this proceeding. **State, ex rel. Drexel v. Alvis, Warden, 153 Oh St 246.**

Respondent properly epitomizes relator's claim as (1) The Habitual Act * † * is unconstitutional. (2) The petitioner is not an habitual criminal as defined in this Act.

In the case of State, ex rel. Drexel v. Alvis, Warden, supra, which was instituted by the relator here, the Court held the Habitual Criminal Act to be constitutional and all questions now urged were, or could have been, set up in the case in the Supreme Court.

Upon the second contention, if the briefs of counsel are correct, it is manifest that the relator was indicted. tried, convicted and sentenced upon a valid indictment under the Habitual Criminal Act. It is not contended that any of the convictions set out in the indictment was not established upon the trial of relator.

If the judge who vacated the previous conviction in the indictment in the habitual criminal case attached as a condition thereto that the term served from October 28, 1946, until December, 1950, should not apply toward the sentence in the habitual criminal case there is presented a very serious question which, if appropriately urged, might be of advantage to the relator. But, conceding that this condition in the sentence was void, it would not support a release of the relator at this time.

The failure of the trial judge to vacate the sentence in the previous conviction at the time of the sentence under the habitual criminal charge would not, in our judgment, invalidate the conviction and sentence under the latter charge. Nor could the failure of the Warden to report the facts, as required by the last paragraph of §13744-3 GC, affect either the constitutionality of the Act or the validity of a sentence properly pronounced upon conviction. Upon the Warden's testimony it is apparent that the spirit of the section is being observed by reason of the fact that prosecuting attorneys are now afforded from other sources the information which they would receive from the Warden had he complied with the section.

There is no showing upon the record or upon the statements in the briefs, not supported by the record, which would require this Court to issue the writ prayed for.

It will be denied.

WISEMAN and MILLER, JJ, concur.